JOSEPH E. KELLERMAN, OSB No. 921997
jek@roguelaw.com
Hornecker Cowling LLP
14 N. Central Ave., Ste. 104
Medford, OR 97501
(541)779-8900
Fax: (541) 779-2982
Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KOGAP ENTERPRISES, INC., an Oregon corporation,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF MEDFORD,<br><br>Defendant. | Case No.: 1:22-cv01468-CL<br><br>AMENDED COMPLAINT<br><br>(Unconstitutional Taking ORS 197.796; Taking/Violation of Federal Constitution; Taking/Violation of State Constitution; Declaratory Judgment; Estoppel)<br><br>**Jury Trial Demanded** |

AMENDED COMPLAINT

Plaintiff alleges:

1. Plaintiff is an Oregon corporation and owner of various parcels of real property at issue in the land use proceedings hereinafter alleged. City of Medford is a political subdivision of the State of Oregon.

2. Plaintiff owns real property generally depicted on the map attached hereto as Exhibit A. Plaintiff made application for a revised preliminary PUD plan for Stewart Meadows Village Planned Unit Development, a tentative plat for 151-lot subdivision, and a Zone Change Request to change an approximate 5-acre tract of land from light industrial (I-L) to community

Page 1 – AMENDED COMPLAINT
C:\Users\stacyg\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\P6XEFPVE\amended complaint.i

HORNECKER COWLING LLP
14 N. Central Ave., Ste. 104
Medford, OR 97501
541-779-8900

commercial (CC) and to change the zoning on approximate 5-acre tract of land from CC to I-L. The PUD is located on an approximate 121-acre site bounded generally by Stewart Avenue, South Pacific Highway, Garfield Street, Myers Lane and Anton Drive. Previously in 2017, plaintiff secured a PUD Revision Approval for Stewart Meadows Village from defendant under the terms of which all street dedications required of plaintiff by defendant were (A) Garfield Street which required a right-of-way width of 100 feet and (B) Anton Drive which required a right-of-way width of 63 feet. The 2017 Approval specified that those required street section improvements were completed and contained the following conclusions and orders:

> No additional right-of-way is required *** no additional public improvements are required except as noted under Section A (4), Transportation System.

3.  All the specified work set forth in Section A (4) of the 2017 Approval has been previously installed and completed by plaintiff and accepted by defendant. Pursuant to the 2017 Approval, the City granted various development permits with no indication that there was an unfulfilled condition of approval, nor any indication that there was any future road dedications or improvements required that had not been already installed by plaintiff.

4.  In 2019, plaintiff sought a land division approval for various parcels within the PUD. For the first time, defendant sought to impose a new condition requiring that Myers Lane south of Garfield Street connect to Anton Drive, which connection required a crossing of Hansen Creek, all of which defendant was purporting to require plaintiff to install including land dedication, street improvements, and bridge crossing (hereinafter "Improper Condition"). Upon objections being registered by plaintiff, defendant's City Attorney's Office found and recommended to its governing body that such "imposition of the connectivity conditions required by public works would most likely not survive a legal challenge.".

5.  Thereafter in 2022, plaintiff made application for changes to its PUD plan as set

Page 2 – AMENDED COMPLAINT
C:\Users\stacyg\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\P6XEFPVE\amended complaint.i

HORNECKER COWLING LLP
14 N. Central Ave., Ste. 104
Medford, OR 97501
541-779-8900

forth in ¶ 2 above. Defendant once again sought to impose the Improper Condition notwithstanding the fact that defendant failed to meet its burden of proof since there is inadequate record evidence to show that such exaction meets the State and Federal Constitutional, State Statute and Medford Municipal Code essential nexus and rough proportionality requirements as a result of the claimed impacts from the 2022 Application. In fact, the evidence established that the 2022 Application had zero traffic impacts when compared to the PUD's previous approvals granted by the City.

6. It is believed that defendant also purported to contend that the Anton Drive/Myers Lane extension was always required by the terms of the 2017 PUD Approval.

7. Defendant, by and through its Planning Commission, upheld the Improper Condition. Plaintiff appealed to defendant's City Council who upheld the condition on August 18, 2022.

8. Plaintiff has accepted the final order of the planning of the City Council for purposes of ORS 197.796.

9. Defendant has authority to use its power of eminent domain to acquire real property interests for the purposes allowed by law for municipalities in the State of Oregon that cannot be acquired by it through negotiations. Defendant could have acquired the Myers Lane/Anton Drive land and improvements thereon through a negotiated sale, but it did not. Defendant could have condemned plaintiff's land, but instead of acquiring plaintiff's property interests legally, defendant has unconstitutionally sought to impose the Improper Condition which not only requires plaintiff to dedicate land to the defendant for the Anton Drive/Myers Lane connection, but also requires plaintiff to make valuable improvements thereon all at plaintiff's expense save and except defendant's proposal that it reimburse plaintiff $150,000 towards its estimated $300,000 cost for the bridge crossing.

10. Pursuant to Article 1, Section 18 and Article XI, Section 4, of the Oregon

Page 3 – AMENDED COMPLAINT
C:\Users\stacyg\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\P6XEFPVE\amended complaint.(

HORNECKER COWLING LLP
14 N. Central Ave., Ste. 104
Medford, OR 97501
541-779-8900

Constitution and, alternatively, under the Fifth Amendment of the United States Constitution, acting through the 14th Amendment, plaintiff is entitled to be paid just compensation by defendant for the unlawful exactions resulting from the Improper Condition imposed upon plaintiff as a part of its 2022 development application. Upon information and belief, just compensation is, at a minimum, the value of the land as of the date of defendant's final order; the costs of installing the improvements; and severance damages by virtue of the unauthorized exaction which has caused harm to the remainder of plaintiff's landholdings. Plaintiff estimates the amount to be set by the jury's verdict based on the evidence adduced at trial to be an amount not to exceed $2,500,000 plus pre- and post-judgment interest at the rate of 9% until paid. Plaintiff reserves the right to amend its complaint according to proof.

11. Pursuant to ORS 20.085, if plaintiff prevails on its inverse condemnation claim, plaintiff is entitled to recover its reasonable costs and disbursements and attorney's fees and costs. It has become necessary for plaintiff to hire an attorney to prosecute this action and represent the plaintiff's interests.

## FIRST CAUSE OF ACTION

(Unconstitutional Taking ORS 197.796)

12. Plaintiff realleges all the paragraphs above.

13. Defendant's 2022 findings, decision, and order which imposed the Improper Condition is arbitrary and capricious and without support in fact, law, or equity. The Improper Condition is an impermissible exaction because defendant failed to meet its burden to establish an essential nexus and/or that the exactions imposed by the Improper Condition are roughly proportional to the claimed impacts of the proposed development approvals both in 2017 and 2022.

14. The imposition of the Improper Condition constitutes an unconstitutional taking of land and improvements, and such is impermissible under the takings clause of the U.S.

Page 4 – AMENDED COMPLAINT
C:\Users\stacyg\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\P6XEFPVE\amended complaint.(

HORNECKER COWLING LLP
14 N. Central Ave., Ste. 104
Medford, OR 97501
541-779-8900

Constitution. ORS 197.7964 states that in any challenge to a condition of approval that is subject to the taking clause of the Fifth Amendment to the United States Constitution, the local government shall have the burden of demonstrating compliance with the constitutional requirements for imposing the condition. Defendant failed to meet its burden. The Improper Condition is an unlawful exaction and constitutes a taking.

15. By its actions, defendant has taken plaintiff's property unjustly and without just compensation and has failed to meet constitutional requirements all to plaintiff's damages as set forth above. Plaintiff is also entitled to its costs and attorney's fees pursuant ORS 197.796.

## SECOND CAUSE OF ACTION

(Taking/Violation of Federal Constitution)

16. Plaintiff realleges all the paragraphs above.

17. According to the United States Constitution's Fifth Amendment which is applicable to the states via the 14th Amendment, it is provided that "private property shall not be taken for public use without just compensation" -- the takings clause. As a direct and proximate result of the actions of defendant, plaintiff has been injured in the amounts alleged above.

## THIRD CAUSE OF ACTION

(Taking/Violation of State Constitution)

18. Plaintiff realleges all the paragraphs above.

19. Oregon's Constitution in its Bill of Rights states in pertinent part that "private property shall not be taken for public use *** without just compensation ***" Oregon Constitution Article 1, Section 118.

20. Defendant's Improper Condition is an unlawful taking of plaintiff's property in violation of the Oregon Constitution and as a result, plaintiff has sustained damages in the amount set forth above.

Page 5 – AMENDED COMPLAINT
C:\Users\stacyg\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\P6XEFPVE\amended complaint.

HORNECKER COWLING LLP
14 N. Central Ave., Ste. 104
Medford, OR 97501
541-779-8900

## FOURTH CAUSE OF ACTION

(Declaratory Judgment—Preclusion)

21. Plaintiff realleges all the paragraphs above.

22. The 2017 PUD Revision Approval by the City of Medford made clear that no further dedications or exactions of plaintiff would be required. The 2017 Approval was final and binding, no appeal was taken thereon, and the deadline to appeal has long since expired. As such, the 2017 Approval is the final determination on the subject matter contained therein, and defendant is now precluded from challenging the terms of the 2017 Approval in subsequent ancillary land use decisions. Defendant's 2022 findings are precluded by the 2017 Approval, defendant maintains otherwise, and therefore, a justiciable controversy exists between the parties. As such, plaintiff is entitled to declaratory judgment that the precluded 2022 findings are null and void and permanently enjoining defendant from enforcing the precluded 2022 findings.

## FIFTH CAUSE OF ACTION

(Estoppel)

23. Plaintiff realleges all the paragraphs above.

24. Defendant's conduct by either impliedly or explicitly stating in writing that no further exactions or dedications would be required by plaintiff is contrary to defendant's arguments to its Planning Commission and City Council that the Improper Condition was always a part of the 2017 Approval. Plaintiff justifiably relied on defendant's 2017 Approval to its detriment. Such disingenuous positions by defendant are untrue and contrary to the terms of such 2017 Approval. As a result, defendant should be estopped from imposing the Improper Condition on plaintiff as part of the 2017 Approval and the 2022 Planning Approval set forth above.

WHEREFORE, plaintiff prays for entry of general judgment as follows:

Page 6 – AMENDED COMPLAINT
C:\Users\stacyg\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\P6XEFPVE\amended complaint.

HORNECKER COWLING LLP
14 N. Central Ave., Ste. 104
Medford, OR 97501
541-779-8900

1. Awarding plaintiff just compensation in the amount to be set by the jury's verdict based on the evidence adduced at trial currently in the estimated amount of $2,500,000 plus pre- and post-judgment interest at the legal rate of 9% until paid.

2. Alternatively, enjoining defendant from imposing the Improper Condition and requiring defendant to rescind and/or remove any such condition from plaintiff's 2017 and 2022 Approvals.

3. Awarding plaintiff reasonable attorney's fees and costs and disbursements incurred through trial and upon any appeal therefrom.

4. Awarding plaintiff such other and further relief as the court deems just and equitable.

DATED: October 10, 2022.

HORNECKER COWLING LLP

By: _____
JOSEPH E. KELLERMAN, OSB No. 921997
Of Attorneys for Plaintiff
Fax: 541-779-2982 | jek@roguelaw.com

Page 7 – AMENDED COMPLAINT
C:\Users\stacyg\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\P6XEFPVE\amended complaint.

HORNECKER COWLING LLP
14 N. Central Ave., Ste. 104
Medford, OR 97501
541-779-8900



Exhibit A

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **AMENDED COMPLAINT** upon:

    Alicia M. Wilson
    City of Medford
    411 W. 8th Street
    Medford, OR  97501
    *Of Attorneys for Defendant*

☒ By automatic electronic transmission via the Court's Case Management and Electronic Case Filing practice.

☐ By depositing said true copy in the United States Post Office at Medford, Oregon, in a sealed envelope with postage fully prepaid thereon, addressed to the above individual(s) at his or her last known address, and that between the same post office and the address(es) to which said copy was mailed, there is a regular communication by U.S. Mail.

    DATED:  October 10, 2022.

                                        HORNECKER COWLING LLP

                                        By: _____
                                              JOSEPH E. KELLERMAN, OSB No. 921997
                                              Of Attorneys for Plaintiff
                                              Fax:  541-779-2982 | jek@roguelaw.com

Page 8 – AMENDED COMPLAINT
C:\Users\stacyg\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\P6XEFPVE\amended complaint (

HORNECKER COWLING LLP
14 N. Central Ave., Ste. 104
Medford, OR  97501
541-779-8900