**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 13 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KOGAP ENTERPRISES, INC, an Oregon Corporation, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> CITY OF MEDFORD, <br><br> Defendant - Appellee. | No. 24-5268 <br><br> D.C. No. 1:22-cv-01468-CL <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
Mark D. Clarke, Magistrate Judge, Presiding**

Argued and Submitted October 23, 2025
Portland, Oregon

Before: W. FLETCHER, CHRISTEN, and HURWITZ, Circuit Judges.

KOGAP Enterprises, Inc., appeals a summary judgment in favor of the City of Medford. Because the parties are familiar with the facts, procedural history, and arguments in the instant dispute, we do not recount them here. We have

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The parties consented to jurisdiction by a Magistrate Judge. Fed. R. Civ. P. 73(a). Appeals may be taken directly to the court of appeals. 28 U.S.C. § 636(c)(3).

jurisdiction pursuant to 28 U.S.C. § 1291.  We conclude that the City established the requisite nexus between KOGAP's proposed development project and the imposition of a permit condition requiring KOGAP to extend Myers Lane to Anton Drive.  But we also conclude that the City failed to meet its burden to establish that the condition was roughly proportional to the impact of KOGAP's project.  Accordingly, we reverse the district court's order granting summary judgment to the City and direct entry of summary judgment for KOGAP on remand.

We review orders granting summary judgment de novo.  *Guggenheim v. City of Goleta*, 638 F.3d 1111, 1116 (9th Cir. 2010).  Summary judgment is warranted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

Governments are entitled to use their powers to regulate land use and permitting within the constraints of the Takings Clause of the Fifth Amendment.  *See Dolan v. City of Tigard*, 512 U.S. 374, 384–85 (1994).  The government must meet two requirements to lawfully impose a condition burdening property rights, known as an "exaction," on a development permit.  First, it must show the exaction has an "essential nexus" to a "legitimate state interest."  *Id.* at 386 (quoting *Nollan v. Cal. Coastal Comm'n*, 483 U.S. 825, 837 (1987)).  Second, the government must make an individualized determination that the nature and extent of the exaction is

roughly proportional to the impact of the proposed development.  *Id.* at 391.  "No precise mathematical calculation is required, but the city must make some effort to quantify its findings" in support of the condition beyond a "conclusory statement that it could offset some of the traffic demand generated."  *Id.* at 395–96.

We conclude the district court did not err in finding that the City had met its burden to demonstrate an essential nexus.  However, the record does not contain a basis upon which the district court could have held that the City demonstrated rough proportionality between the project's expected impacts and the exaction imposed.

The City sought to justify the Myers Lane extension based upon traffic concentration in the southeast section of the development resulting from "more auto-oriented uses."  But the City failed to provide evidence at the summary judgment stage that it had measured the alleged traffic distribution impacts of the new proposal.  Because it failed to provide evidence to enable a "rough proportionality" analysis, we conclude that the City failed to carry its burden to establish this second prong of the exaction analysis.

We reverse the district court's orders granting summary judgment to the City and direct entry of summary judgment for KOGAP on remand.

**REVERSED.**